(8th Cir.2002); *United States v. Juvenile JG*, 139 F.3d 584, 586 n. 2 (8th Cir.1998).
AFFIRMED.

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Agustine PONCE–VALENCIA, Defendant–Appellant.**

**No. 03–50339.**

United States Court of Appeals,
Ninth Circuit.

Submitted Aug. 3, 2004.*

Decided Aug. 6, 2004.

Ronald L. Cheng, Esq., Jamie Guerrero, Office of the U.S. Attorney, Los Angeles, CA, for Plaintiff–Appellee.

Sung B. Park, Esq., Van Nuys, CA, for Defendant–Appellant.

Before: CANBY, HANSEN,** and RAWLINSON, Circuit Judges.

MEMORANDUM***

Without a plea agreement, Agustine Ponce–Valencia pleaded guilty to a four-

---

\*\* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

\*\*\* The Honorable David R. Hansen, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

count indictment charging him with (1) distributing approximately 23 grams of a mixture or substance containing heroin, (2) distributing approximately 79 grams of a mixture or substance containing heroin, (3) possessing with intent to distribute approximately 536 grams of a mixture or substance containing heroin, and (4) possessing with intent to distribute approximately 1,942 grams of a mixture or substance containing methamphetamine, all in violation of 21 U.S.C. § 841 (2000).

The presentence report (PSR) recommended that Ponce–Valencia be held responsible for 23.1 grams of heroin on Count 1, 79 grams of heroin on Count 2, 501.9 grams of heroin on Count 3, and 966.6 grams of actual methamphetamine on Count 4. Because there were two drug types involved, the PSR applied the drug equivalency table in the U.S. Sentencing Guidelines Manual and calculated a marijuana equivalent of 19,936 kilograms, resulting in a base offense level of 36. The PSR recommended a two-level reduction for acceptance of responsibility, yielding a total offense level of 34. With a Category I criminal history, Ponce–Valencia's Guidelines imprisonment range was 151–188 months.

Defense counsel argued that Ponce–Valencia should receive a downward adjustment and/or a downward departure because he played only a minor role in Count 4 by merely storing the methamphetamine. The district court rejected this argument. The court sentenced Ponce–Valencia to concurrent terms of 151 months in prison on each of Counts 1–4, and to concurrent terms of three years of supervised release on Counts 1–2 and five years of supervised release on Counts 3–4.

■ On appeal, Ponce–Valencia first argues that the district court erred by accepting his guilty plea to Count 4 because there was an inadequate factual basis. As he acknowledges, because he did not object below, we review only for plain error affecting his substantial rights. *See United States v. Vonn*, 535 U.S. 55, 59, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002). At Ponce–Valencia's change-of-plea hearing, the government and defense counsel agreed that he was pleading guilty to aiding and abetting the possession of methamphetamine with intent to distribute. This was proper because, although the indictment charged Ponce–Valencia as a principal, "[a]iding and abetting is implied in every federal indictment for a substantive offense." *United States v. Armstrong*, 909 F.2d 1238, 1241 (9th Cir.1990) (quoted source omitted).

Aiding and abetting the possession of methamphetamine with intent to distribute has three elements: "(1) possession with intent to distribute was committed by someone; (2) the defendant knowingly and intentionally aided, counseled, commanded, induced, or procured that person to commit possession with intent to distribute methamphetamine; and (3) the defendant acted before the crime was completed." *United States v. Delgado*, 357 F.3d 1061, 1067 (9th Cir.2004). Ponce–Valencia testified under oath as follows in his change-of-plea colloquy. "I met a person. I allowed him to have my key to a storage locker so that he could put certain things in there; and about ten days before I was arrested, I saw that there were some kind of drugs there. Based on the fact of what I knew about that person, I think he was going to sell them." We conclude that the district court did not plainly err in finding an adequate factual basis for Ponce–Valencia's guilty plea to aiding and abetting the possession of methamphetamine with intent to distribute.

■ Ponce–Valencia's other argument is that defense counsel rendered ineffective assistance by failing to request a two-level

reduction at sentencing under the safety-valve provision, USSG § 2D1.1(b)(6) (2002). The PSR did not recommend a reduction, and the government took the position that Ponce–Valencia was not entitled to a reduction because he had not provided all of the information and evidence he had concerning the offenses and any relevant conduct. *See* USSG § 5C1.2(a)(5).

We will review an ineffective-assistance claim on direct appeal only "(1) when the record on appeal is sufficiently developed to permit review and determination of the issue, or (2) when the legal representation is so inadequate that it obviously denies a defendant his Sixth Amendment right to counsel." *United States v. Daychild,* 357 F.3d 1082, 1095 (9th Cir.2004) (quoted source and internal marks omitted). Applying that rule to this case, the existing record would have to demonstrate that Ponce–Valencia had provided the government with all of the information and evidence he had concerning the offenses and any relevant conduct, and that showing would have to be so compelling that no reasonably competent lawyer would have failed to request a safety-valve reduction. The record does not so demonstrate. We therefore decline to review Ponce–Valencia's claim of ineffective assistance of counsel; if he wishes to assert it, he should do so in a motion under 28 U.S.C. § 2255 (2000).

For these reasons, we affirm the judgment of the district court.

AFFIRMED.